Case 10-01860 Doc 8 Filed 11/23/10 Entered 11/24/10 12:26:52 Desc Main Document Page 1 of 3

10-01860:4.2:Motion for Default Judgment:Exhibit findings of fact and conclusions of law:Entered: 11/4/2010 7:36:26 AM by:Jonathan Parker Page 1 of 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-36754 |
| | ) | |
| Emma Rodriguez | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtor | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | |
| Emma Reodriguez | ) | Adv No. 10 A 01860 |
| | ) | |
| Plaintiff | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Resurgent Capital Services L.P. | ) | |
| | ) | |
| Defendant | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Resurgent Capital Services L.P., the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiff is an individual residing at 4533 W. Montana, Chicago, IL 60639.

2. Resurgent Capital Services L.P. is a lender and/or servicer of mortgages.

3. Plaintiffs filed for relief under chapter 13 of the United States Bankruptcy Code on 08/17/2010 in the Northern District of Illinois, case number 10-36754.

4. This adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6.  Plaintiff is the owner of real estate located at 4533 W. Montana, Chicago, IL 60639 described as follows:

Section-Township: 27-40-13; SubDiv-Condo: whiteswht/B/15B/26; Lot #34;

Block #26

Common Address: 4533 W. Montana, Chicago, IL 60639

Parcel ID #: 13-27-326-010-0000

7.  The fair market value of the real estate is $210,000 pursuant to Exhibit A to the original adversary complaint.

8.  A first mortgage lien is currently held by Saxon in the amount of $284,607.67 pursuant to the claim that Saxon filed in the underlying bankruptcy – claim number 7.

9.  Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $284,607.67, exceeds the value of the above real estate, $210,000.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280

F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed: _____
Jack B. Schmetterer

NOV 23 2010

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603